Argued and submitted September 24, reversed
and remanded November 5, 1979

## THOMAS,
### *Appellant,*
#### *v.*
# OREGON METALLURGICAL CORPORATION,
### *Respondent.*

### (No. 53443, CA 13422)

602 P2d 338

Larry T. Coady, Albany, argued the cause for appellant. With him on the brief was Coady & Moore, Albany.

Dean M. Quick, Albany, argued the cause for respondent. With him on the brief was Weatherford, Thompson, Brickey & Powers, P.C., Albany.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

[149]

ROBERTS, J.

## ROBERTS, J.

Plaintiff appeals from the trial court's granting of defendant's motion for summary judgment. The question presented is whether a person who has filed a complaint with the Commissioner of Labor (Commissioner) pursuant to ORS 654.062(5)(b), which provides remedies for persons discharged from employment for assisting with enforcement of safety standards, may, after rejection of that complaint by the Commission, bring a civil action based on the same operative facts.

On January 24, 1978, plaintiff filed a complaint with the Civil Rights Division alleging that he had been discharged from his position with defendant corporation on January 13, 1978 for reporting safety violations to a Workers' Compensation Board investigator. A compliance officer for the Civil Rights Division issued a set of Findings of Fact together with the following "Determination."

> "The Civil Rights Division of the Bureau of Labor finds NO SUBSTANTIAL EVIDENCE OF UNLAWFUL DISCRIMINATION in violation of ORS 654.062."

Plaintiff's attorney subsquently received a letter from the Civil Rights Division informing him that plaintiff's complaint had been closed because investigation and review had revealed no substantial evidence to support the complaint. Plaintiff then filed his civil action which was decided in defendant's favor after defendant filed a motion for summary judgment based on a contention that plaintiff's civil suit was barred by statute because he had already taken his complaint to the Commissioner.

In order to determine whether and under what circumstances a complaint to the Commissioner might bar a civil action, we must examine provisions in both ORS ch 654 and ORS ch 659.

ORS 654.062 requires employes to notify their employers of any violation of safety laws, standards or

[151]

regulations in the workplace. ORS 654.062(5)(a) forbids discharge from employment or other discrimination against any employe who makes such a complaint and ORS 654.062(5)(b) provides the following remedies:

> "(b) Any employe or prospective employe who believes that he has been barred or discharged from employment or otherwise discriminated against in compensation, or in terms, conditions or privileges of employment, by any person in violation of this subsection may, within 30 days after he has reasonable cause to believe that such a violation has occurred, *file a complaint with the Labor Commission alleging such discrimination under the provisions of ORS 659.040.* Upon receipt of such complaint the Labor Commissioner shall process the complaint and case under the procedures, policies and remedies established by ORS 659.010 to 659.110 and the policies established by ORS 654.001 to 654.295 in the same way and to the same extent that the complaint would be processed by the Labor Commissioner if the complaint involved allegations of unlawful employment practices based upon race, religion, color, national origin, sex or age under subsection (4) of ORS 659.030. *The affected employe shall also have the right to bring a suit in any circuit court of the State of Oregon against any person alleged to have violated this subsection.* The Labor Commissioner *or* the circuit court may order all appropriate relief including rehiring or reinstatement of the employe to his former position with back pay." (Emphasis supplied.)

The above statute gives the aggrieved employe a choice of remedies; he may file a complaint with the Commissioner who will process it pursuant to ORS ch 659 or he may bring a suit in the circuit court. Although the statute employs the conjunctive "shall also have" to introduce the second forum or relief, suggesting that these are not alternative remedies, this language must be harmonized with the rest of the statutory scheme. Our examination of all of the pertinent statutes leads us to the conclusion that an employe's

right to bring a civil suit after a complaint has been filed with the Commissioner is not without limitation.

Under the terms of ORS 654.062(5)(a), by choosing to proceed with a complaint to the Commissioner, plaintiff placed himself within the ambit of ORS ch 659. ORS 659.095 makes the following provision for the filing of a civil suit after a complaint has been brought to the Commissioner.

"* * * If prior to the expiration of one year from the filing of a complaint pursuant to this section the commissioner dismisses the complaint for any reason *other than a dismissal pursuant to subsection (3) of ORS 659.060,* or the complainant requests the commissioner to terminate proceedings with respect to the complaint, the commissioner shall notify the complainant of said dismissal or termination in writing, and within 90 days after the date of mailing of such notice of dismissal or termination, a civil suit may be filed as provided for in ORS 659.121." (Emphasis supplied.)

Under the terms of the above statute, plaintiff had the right to file a civil suit provided his complaint was not dismissed pursuant to ORS 659.060(3).[1] This subsection is part of the statute providing for hearings on complaints; the statute provides in relevant part:

"(1) In case of failure to resolve a complaint after reasonable effort under ORS 659.050 [allows commissioner to attempt to settle the complaint where investigation reveals substantial evidence supporting the allegations], or if it appears to the commissioner that the interest of justice requires a hearing without first

---

[1] In an affidavit in opposition to the motion for summary judgment, plaintiff's attorney contends that plaintiff had withdrawn his complaint from the administrative process as of June 2, 1978. Attached to the affidavit is a copy of a letter of that date from plaintiff's attorney to the Civil Rights Division stating that plaintiff had decided to withdraw his complaint and file an action at law and asking that plaintiff's complaint be removed from the Division's active file.

Although such a withdrawal would clearly allow plaintiff to file a civil suit under the terms of ORS 659.095, plaintiff does not raise the withdrawal of the complaint as part of this appeal and, since we reverse on other grounds, we do not consider it.

[153]

proceeding by conference conciliation and persuasion, the commissioner shall cause to be prepared and served upon each respondent required to appear at such hearing such specific charges, in writing, as he will be required to answer, together with a written notice of the time and place of such hearing.

"* * * * *

"(3) After considering all the evidence, the commissioner shall cause to be issued findings of facts, and conclusions of law. He shall also issue an order dismissing the charge and complaint against any respondent not found to have engaged in any unlawful practice charged and an appropriate cease and desist order against any respondent found to have engaged in any unlawful practice charged."

ORS 659.060(3), read together with subsection (1), provides for dismissal after a hearing on the merits. This case never reached the stage contemplated by the above statute. The Commissioner did not issue an order dismissing the charge following a hearing on the merits. Rather, the Commissioner wrote a letter to defendant's attorney indicating that the case had been closed following a preliminary investigation. Under the facts of this case, plaintiff had a right to bring suit under ORS 659.095, and the trial court erred in granting defendant's motion for summary judgment.

Reversed and remanded.