Argued and submitted March 2, 1983, reversed and remanded
for new trial with instructions February 8, reconsideration denied March 23,
petition for review allowed May 8, 1984 (297 Or 124)
See 298 Or 76, 689 P2d 1292 (1984)

**HOLIEN,**
*Appellant,*

*v.*

**SEARS, ROEBUCK AND CO. et al,**
*Respondents.*

(A7905 02100; CA A22566)

677 P2d 704

Timothy J. Vanagas, Gresham, argued the cause and filed the briefs for appellant.

Mildred J. Carmack, Portland, argued the cause for respondents. With her on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Joseph, Chief Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

This action involves claims for statutory employment discrimination (ORS 659.030(1); ORS 659.121(1)), common law wrongful discharge and outrageous conduct. Plaintiff appeals from a judgment for defendants. The only substantive issue on appeal is whether the trial court erred in granting defendant Sears, Roebuck and Co. (Sears) a summary judgment on the claim alleging common law wrongful discharge. We reverse.

This case took some unusual procedural turns; we therefore recount the events preceding the granting of the summary judgment. The case went to trial on the first amended complaint which alleged three separate "causes of action," which we will call claims. The first claim alleged employment discrimination under ORS 659.030(1), and 659.121(1). The second alleged common law wrongful discharge, and the third alleged outrageous conduct. Each claim was based on essentially the same allegations of fact, except that the second claim alleged that defendants had acted maliciously.

In summary, the complaint alleged that plaintiff was an employe of defendant Sears and her supervisor was defendant Blasko. From approximately May 3 to June 6, 1978, defendant Blasko was alleged to have engaged in acts of sexual advances and harassment directed toward plaintiff. Plaintiff claims that her refusal to submit to the advances and harassment resulted in derogatory employment evaluations, denial of a grade raise in salary and her ultimate dismissal as an employe. The case was submitted to a jury which returned its separate verdict on each of the three claims. The verdict on the first claim is:

"1. Did defendants engage in statutory employment discrimination against plaintiff as alleged in plaintiff's first claim for relief which was the proximate cause of damage to plaintiff?

"Answer: 'Yes' or 'No'

"(a)  Defendant Sears    No

"(b)  Defendant Blasko    Yes

"If answer to either (a) or (b) is 'yes', proceed to Question 2. If 'no' to both, do not answer Question 2.

"2.   What were plaintiff's damages, if any?

"Answer  $  $0.00

"(total cannot exceed the sum of $525.60."

On the second claim:

"1.   Did defendants wrongfully discharge the plaintiff from employment as alleged in plaintiff's second claim for relief which was the proximate cause of damage to plaintiff?

"Answer:   'Yes' or 'No'

"(a)   Defendant Sears     Yes

"(b)   Defendant Blasko    No

"If answer to either (a) or (b) is 'yes', proceed to Question 2. If 'no' to both, do not answer Question 2.

"2.   What were plaintiff's total damages, if any?

| "Answer: | | |
|---|---|---|
| (a) | medical expense (cannot exceed $535.00) | $   0.00 |
| (b) | lost wages (cannot exceed $525.60) | $   292.00 |
| (c) | general damages (cannot exceed $100,000.00) | $   500.00 |
| (d) | punitive damages, if any, against defendant Blasko | $   0.00 |
| (e) | punitive damages, if any, against defendant Sears (total punitive damages cannot exceed $250,000.00)" | $25,000.00 |

On the third claim:

"1.   Did defendants engage in the intentional infliction of emotional distress as alleged in plaintiff's third claim for relief which was the proximate cause of injury to plaintiff?

"Answer:   'Yes' or 'No'

"(a)   Defendant Sears      No
"(b)   Defendant Blasko     No

"If answer to either (a) or (b) is 'yes', proceed to Question 2. If 'no' to both, do not answer Question 2.

"* * * * *"

Following the verdict, the trial court found in favor of both defendants on the first claim.[1] Judgment was then granted in favor of defendants on the first and third claims and for plaintiff on the second claim against defendant Sears. Defendant Sears moved for judgment notwithstanding the verdict or, alternatively, a new trial on the second claim. ORCP 63. The motion for a new trial was allowed because of an improper jury poll. Sears then moved for summary judgment on the second claim, and that motion was granted. As a result, a final judgment was entered in favor of both defendants.

■ Plaintiff first contends that the trial court erred when it struck general damages from the claim alleging statutory employment discrimination. The trial court, acting as factfinder,[2] found in favor of defendants on that claim. Because that determination has not been assigned as error, the issue of general damages is moot. *See Foxton v. Woodmansee,* 236 Or 271, 287-89, 386 P2d 659, 388 P2d 275 (1964).

Plaintiff next contends that the trial court erred when it granted Sears a summary judgment on the second claim after the motion for a new trial had been granted. In support of the motion for summary judgment, Sears argued, *inter alia,* that there is no common law action for wrongful

---

[1] The trial court stated in its written findings:

"Thereafter, in a regularly scheduled hearing * * * on May 4, 1981, * * * the court entered the following additional findings of fact and conclusions of law with respect to plaintiff's first claim for relief:

"(1) Plaintiff is probably not entitled to jury trial with respect to the first claim for relief and that claim is probably a matter to be determined by the court. On that basis, the Court finds in favor of both defendants and against plaintiff on the first claim for relief.

"(2) Even if plaintiff is entitled to a jury trial on the first claim for relief, the jury verdict with respect to the first claim for relief has the legal effect of being a verdict for both defendants and against plaintiff and is received as such by the Court.

"(3) Alternatively, if the jury were an advisory jury only, then the Court adopts and receives its verdict with respect to plaintiff's first claim for relief as a verdict in favor of both defendants and against plaintiff.

"(4) No attorney fees are awarded to either party.

"* * * * *"

[2] *Wincer v. Ind. Paper Stock Co.,* 48 Or App 859, 618 P2d 15 (1980), holds that a plaintiff is not entitled to a jury trial in actions brought under ORS 659.121.

discharge when there is a statutory remedy for discrimination in employment.

The tort of wrongful discharge was first recognized in Oregon in *Nees v. Hocks,* 272 Or 210, 536 P2d 512 (1975). The court acknowledged the general rule that

> "* * * [i]n the absence of a contract or legislation to the contrary, an employer can discharge an employee at any time and for any cause. * * * Such termination by the employer * * * is not a breach of contract and ordinarily does not create a tortious cause of action." 272 Or at 216.

The court nonetheless recognized an exception to the general rule in instances when the "motive for discharging harms or interferes with an important interest of the community." *Nees v. Hocks, supra,* 272 Or at 216. The court said:

> "We conclude that there can be circumstances in which an employer discharges an employee for such a socially undesirable motive that the employer must respond in damages for any injury done." 272 Or at 218.

The court noted several cases from other jurisdictions as examples of actionable discharges. One such example was *Monge v. Beebe Rubber Co.,* 114 NH 130, 316 A2d 549 (1974) in which:

> "* * * the plaintiff employee claimed 'she was harassed by her foreman because she refused to go out with him and that his hostility, condoned if not shared by defendant's personnel manager, ultimately resulted in her being fired.'" *Nees v. Hocks, supra,* 272 Or at 216.

*Nees* referred to Oregon constitutional and statutory provisions relating to jury service and held "that the defendants are liable for discharging plaintiff because she served on the jury." 272 Or at 219.

More recently, in *Brown v. Transcon Lines,* 284 Or 597, 588 P2d 1087 (1978), the court held that a cause of action for wrongful discharge would lie when the plaintiff had been discharged for filing a workers' compensation claim. The court referred to the statutory provisions that declare that it is an unlawful employment practice to discriminate against an employe who seeks workers' compensation benefits. ORS 659.410. The statute was a "recognition by the Oregon legislature of a public policy" that provides the basis for finding the

discharge took place with a "socially undesirable motive." 284 Or at 604. The court explained that the case did not turn on whether the statutory remedy was adequate; the proper question is

"whether by the enactment of [ORS ch 659] the Oregon legislature abolished a previously existing common law cause of action." 284 Or at 602.

The adequacy of the statutory remedy is only one indication of a possible legislative intent to abrogate the common law remedy. The court stated:

"As a general rule, if a statute which provides for a new remedy shows no intention to negate, either expressly or by necessary implication, a pre-existing common law remedy, the new remedy will be regarded as merely cumulative, rather than exclusive, with the result that a plaintiff may resort to either the pre-existing remedy or the new remedy. The rule is particularly applicable when the new statutory remedy is not an adequate one." 284 Or at 610.

The court found nothing in ORS ch 659, as it existed in 1975, to indicate a legislative intent to abrogate the common law remedy. Moreover, it found that the statutory remedies were inadequate. *Brown v. Transcon Lines, supra,* 284 Or at 597.

ORS 659.030(1) evidences a strong public policy against sex discrimination; we conclude that a discharge from employment relating to a person's sex is a discharge with a "socially undesirable motive." Such a discharge would be actionable under *Nees* and *Brown,* unless the provisions of ORS ch 659 demonstrate a legislative intent to abrogate the common law remedy. We find no intent to do so.

Sex discrimination was prohibited in 1969. Or Laws 1969, ch 618, § 3. An administrative mechanism has since provided for the Commissioner of Labor to investigate, conciliate and issue cease and desist orders. ORS 659.050; 659.060; 659.070; *Brown v. Transcon Lines, supra,* 284 Or at 612. The wrongful discharge tort was not acknowledged by the court until 1975, when it was given effect to a discharge occurring in 1973. *Nees v. Hocks, supra.*

In 1977, the legislature created a private right of action for a broad range of discriminatory practices. Or Laws 1977, ch 453, § 6 (codified as ORS 659.121(1)). The *Brown*

court commented in dictum that this new provision might show a legislative intent to supersede the common law remedy. *Brown v. Transcon Lines, supra,* 284 Or at 611. The court, however, did not consider the question and expressly cautioned that it did not decide it. *Brown v. Transcon Lines, supra,* 284 Or at 611. A review of the legislative history of ORS 659.121(1) reveals that the legislature had no intent to supersede the wrongful discharge remedy recognized two years earlier. The legislature simply did not foresee the possible overlap of the wrongful discharge tort and the antidiscrimination legislation. A proponent of HB 2223 testified to the Senate Judiciary Committee that there was no private cause of action for unlawful employment practices. Minutes, Senate Committee on the Judiciary, June 6, 1977, p 6. The legal counsel to the committee advised:

"There is no private right of action for persons aggrieved by unlawful employment practices. * * *

"[The proposed legislation] creates a private right of action for persons discriminated against in violation of Oregon law. * * *" Measure Explanation, B-Engrossed House Bill 2223, Senate Committee on the Judiciary (1977).

With respect to the broad range of discriminatory practices, no private cause of action existed; but as to *discharges* from employment that also violate the statute, a private cause of action did exist and was acknowledged in late 1978 by the *Brown* decision.

The statutory cause of action under ORS 659.121(1) did not replace the common law action, either by design or by default. The statutory action is broader. It makes actionable some forms of impermissible discrimination, not just discharges but any discrimination in terms, conditions and privileges of employment, as well as discrimination by labor unions and employment agencies. ORS 659.030. The statutory private remedy appears to be limited to equitable relief, such as injunctions, reinstatement and back pay.[3] General damages are not recoverable under ORS 659.121(1).[4] In contrast, the

[3] The remedy for certain other forms of discrimination includes compensatory and punitive damages. ORS 659.121(2).

[4] The legislative history of ORS 659.121 indicates that the legislature made an informed determination with respect to the remedies for employment discrimination, *see* Tape Recording, House Committee on Labor, April 8, 1977, Side 1 at 700-28 and

common law action for wrongful discharge covers only that narrow circumstance in which there has been a *discharge*. The relief available at common law is legal, thus permitting general damages but generally not injunctive relief. To the extent that the theories overlap, as they do on these facts, alternative remedies are consistent with the policy of making an injured party whole. We therefore hold that ORS 659.121(1) did not abrogate the common law tort of wrongful discharge. It was error to grant Sears a summary judgment.[5]

Reversed and remanded on the common law claim for wrongful discharge against defendant Sears; otherwise the judgment is affirmed.

---

802; and House Amendments to House Bill 1112, Section 4(1) (April 22, 1977), it deliberately chose different remedies for employment discrimination and that the remedy was intended to be by injunction, reinstatement, back pay and other equitable relief. A prayer for general damages is not consistent with the equitable remedies provided by ORS 659.121(1). *See also* the special concurring opinion of Buttler, J., in *Fred Meyer v. Bureau of Labor,* 39 Or App 253, 270, 592 P2d 564 (1979).

[5] An alternative basis for granting summary judgment was res judicata and collateral estoppel. On appeal, defendant recasts the argument in terms of ORCP 47 and argues that there are no remaining issues of material fact. Defendant contends that, because the trial court found that defendants did not discharge plaintiff for impermissible reasons based on sex on the first claim, the jury could not find that defendant wrongfully discharged plaintiff for the same impermissible reasons on the second claim.

The trial court's determination of the facts on the first claim did not preclude the jury from weighing the evidence and deciding the facts on the second claim. Only when there is insufficient evidence to go to the jury may the trial court preclude a jury determination. *See* ORCP 60 and 63. There are issues of material fact on the claim for wrongful discharge that require resolution by a jury.