Lea R. LAKESIDE, Plaintiff,

v.

FREIGHTLINER CORPORATION, Defendant.

Civ. No. 83–1259–FR.

United States District Court, D. Oregon.

Dec. 3, 1984.

David J. Sweeney and Mark B. Weintraub, Gilbertson, Brownstein, Rask, Sweeney, Kerr & Grim, Portland, Or., for plaintiff.

Susan P. Graber and Susan M. Hammer, Stoel, Rives, Boley, Fraser & Wyse, and Paul C. Hurd, Freightliner Corp., Portland, Or., for defendant.

## OPINION AND ORDER

FRYE, District Judge.

The matters before the court are the defendant's motion for partial summary judgment and plaintiff's motion for leave to file a second amended complaint.

## FACTUAL BACKGROUND

On August 19, 1983, plaintiff, Lea R. Lakeside, filed this action pursuant to Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq.* Lakeside alleges that the defendant, Freightliner Corporation, maintains unlawful policies and practices which discriminate against female employees in compensation, promotion, layoffs, pay schedules, and demotions. Lakeside alleges that Freightliner maintains an unlawful employment practice and policy of harassment of female employees who make internal complaints regarding unlawful employment practices. Lakeside alleges that on numerous occasions she gave notice to superiors of unlawful sex discrimination and that as a result of said notice, she was subjected to retaliatory harassment by male superiors and male coworkers in an effort to induce her to resign. As a result of retaliatory harassment, Lakeside claims, she was laid off without being offered a lower position as company policy provides and denied recall from layoff status.

On April 9, 1984, plaintiff was allowed leave to file an amended complaint which added a second claim for relief for breach of contract. In her second claim for relief, Lakeside alleges as follows: (not a quotation)

She had a contractual relationship with Freightliner. The agreement required Freightliner to give appropriate consideration to in-house applicants for lateral or promotional opportunities; to give preferential consideration to inside applicants unless no qualified inside applicants existed; to consider other alternatives, such as demotion or transfer, before terminating an employee in a reduction in force; and to rehire employees not terminated for cause. Freightliner breached this agreement in that it failed to reasonably consider her for positions for which she was qualified; failed to give her first and preferential treatment over outside candidates; terminated her through re-

duction in force without exploring alternatives; and failed to rehire her for a position for which she was qualified.

MOTION FOR SUMMARY JUDGMENT

Freightliner moves for summary judgment on Lakeside's second claim for relief on the grounds that the only basis for Lakeside's contract claim is the company's undistributed personnel manual and that Freightliner's personnel manual is not a part of Lakeside's employment agreement.

Freightliner claims that Lakeside cannot establish an offer or promise by Freightliner sufficient to support her contract claim and that Freightliner is therefore entitled to prevail as a matter of law. In support of its position, Freightliner relies upon the fact that the company never distributed the manual to employees and never informed Lakeside that the manual was a part of the terms and conditions of her employment. Freightliner contends that the manual was intended as a policy guide for managers and no more. Freightliner asserts that Lakeside has offered no evidence that Freightliner ever informed her of any of the four provisions of the manual she alleges Freightliner breached and cannot maintain a contract claim on the basis of the manual.

Lakeside claims that the intent to incorporate the provisions of the personnel manual into the terms and conditions of her employment can be inferred by the conduct of the employer under the facts of this case. In support of her position, Lakeside relies upon the fact that she and all other employees were given free access to the manual and a 1979 letter from Freightliner's president to all employees expressing a desire for teamwork that results from "well designed and documented procedures which are followed by the people responsible." In addition, Lakeside points to an incident where she complained to the Vice President of Freightliner regarding the policy manual's provisions for company payment of educational expenses. Lakeside alleges that the Vice President responded that the manual contained the company's position on the issue and that he hoped that the departments were complying consistently across the board with what the manual stated. Lakeside contends that this conduct by the company raises a genuine issue of fact as to whether the manual was intended to be a part of her employment contract.

It is generally recognized under Oregon law that, in the absence of a contract or statute to the contrary, an employer may discharge an employee at will. *Nees v. Hocks*, 272 Or. 210, 216, 536 P.2d 512 (1975). Under some circumstances, the provisions of a policy handbook may be a part of a contract of employment. In *Yartzoff v. Democrat-Herald Publishing Co.*, 281 Or. 651, 576 P.2d 356 (1978), the plaintiff received a "handbook for new employees" two days after she was hired. The Oregon Supreme Court held that viewed in the light most favorable to the plaintiff in resolving defendant's motion for summary judgment, a jury could reasonably believe that the "statements in the handbook were intended and considered by both parties to be a part of plaintiff's original contract of employment." 281 Or. at 656, 576 P.2d 356.

In order to prevail on a contract claim, an employee must show an express or implied agreement modifying the employment-at-will relationship. *See Simpson v. Western Graphics*, 293 Or. 96, 101, 643 P.2d 1276 (1982). In the *Yartzoff* case, express terms were communicated directly to the employees in an employee handbook. In this case, the manual was not distributed to individual employees, but only to managers. Lakeside was not a manager and did not receive a manual. Lakeside's access to the manual was limited to reading it at different managers' desks or work areas. The company did not inform the employees that the manual was part of their employment contract and in fact restricted employee access to the manual. The manual was intended by the company as a means of instructing managers how to respond to a wide range of personnel policy concerns.

The fact that general policies for managers are written into a manual does not create an offer to employees that is the foundation for a contractual relationship. Nor is the fact that the manual was accessible to employees at a manager's work area sufficient to infer that a contractual relationship existed.

The court finds that under the facts presented, it is not reasonable to conclude that the provisions of the manual were intended and considered by both parties to be a part of Lakeside's original contract of employment. Freightliner's motion for summary judgment as to plaintiff's second claim for relief is GRANTED.

## LEAVE TO AMEND

■ Plaintiff moves the court for leave to file a second amended complaint alleging a claim for relief for common law wrongful termination. Lakeside seeks to add a claim for relief alleging that she was fired for pursuing her right, related to her role as an employee to insist upon freedom from discrimination on the basis of sex in the benefits, conditions and privileges of her employment. Lakeside relies upon the October 23, 1984 opinion of the Oregon Supreme Court in *Holien v. Sears, Roebuck & Co., aff'g* 66 Or.App. 911, 677 P.2d 704 (1984). In that case, the court held that in addition to claims under Oregon and federal statutes, plaintiff was entitled to bring a claim for common law wrongful discharge for a retaliatory discharge from employment following the plaintiff's rightful resistance to the sexual harassment or demands of a supervisor.

Freightliner opposes Lakeside's motion for leave to amend on the grounds that the proposed amendment is based upon facts known to the moving party but omitted from the original pleadings; that the amendment will cause delay and prejudice to the defendant and that the proposed cause of action does not state a claim upon which relief can be granted.

In *Holien,* the Oregon Supreme Court held that a plaintiff could recover on a common law tort theory where she was terminated for exercising her right to be gainfully employed without being subject to sexual advances and sexual harassment. Although the court based its decision on the *Nees v. Hocks,* 272 Or. 210, 536 P.2d 512 (1975) exception to the general "at-will" rule of employment for action taken with a "socially undesirable motive," the case presented an issue of first impression as to whether the Oregon and federal statutory remedies for sex discrimination were intended to preclude a remedy for common law tort.

Fed.R.Civ.P. 15(a) provides that "leave [to amend] shall be freely given when justice so requires." In this case, Lakeside has alleged a retaliatory layoff and refusal to recall based upon her complaints of sexual discrimination and harassment. The court finds that these allegations state a claim under the *Holien* ruling and that it is reasonable to allow the plaintiff to amend her complaint to conform with the most recent Oregon Supreme Court ruling. While the amendment may require some additional discovery, the court finds that it is made in good faith and should not delay the trial in this case now set for May 14, 1985. Plaintiff's motion for leave to file a second amended complaint is GRANTED.

IT IS HEREBY ORDERED that

1. Defendant's motion for partial summary judgment on plaintiff's claim for breach of contract is GRANTED.

2. Plaintiff's motion for leave to file a second amended complaint is GRANTED.