KENNARD, Maureen

v.

**LOUIS ZIMMER COMMUNICATIONS, INC. and Zimmer, Louis.**

Raymond J. DONOVAN, Secretary of Labor United States Department of Labor

v.

**LOUIS ZIMMER COMMUNICATIONS, INC.**

Civ. A. Nos. 84–2746, 84–3379.

United States District Court, E.D. Pennsylvania.

April 15, 1986.

Harold R. Berk, Jr., Philadelphia, Pa., for Maureen Kennard.

Covette Pooney, U.S. Dept. of Labor, Philadelphia, Pa., for Donovan.

Thomas M. Thistle, Jr., Philadelphia, Pa., for Louis Zimmer Communications and Louis Zimmer.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

These actions were brought against defendants Louis Zimmer and Louis Zimmer Communications, Inc. by a former employee and the Secretary of Labor on behalf of the discharged employee.

The Secretary of Labor alleges in Civil Action No. 84–3379 that the former employee was discharged on account of engaging in conduct protected by the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.* Section 11(c) of the

Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 660(c)(1)(1982), prohibits employers from discharging employees because they file complaints or otherwise exercise rights afforded by the Act, including but not limited to informing the Occupational Safety and Health Administration ("OSHA") of unsafe conditions and requesting a federal inspection. Jurisdiction of this court is founded upon Section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2) and 28 U.S.C. §§ 1337 and 1345.

In a private action, Civil Action No. 84–2746, the former employee alleges wrongful discharge based on the Pennsylvania public policy tort exception to the employment-at-will doctrine in that her termination was in retaliation for lodging a complaint with the Occupational Health and Safety Administration regarding work and health conditions. She also alleges breach of implied covenants of employment security and good faith and fair dealing. This court has jurisdiction over this matter under 28 U.S.C. § 1332.[1]

These related cases were consolidated for purposes of trial and tried to the court non-jury. Having considered the evidence, the demeanor of the witnesses and the briefs and arguments of counsel, this memorandum sets forth my findings of fact and conclusions of law.

## I.

Maureen Kennard is an adult individual who is a citizen of New Jersey and who resides at 5268 Magnolia Avenue, Pennsauken, New Jersey. Defendant Louis Zimmer Communications, Inc. is a Pennsylvania corporation organized and existing under the laws of the Commonwealth of Pennsylvania. The defendant corporation is engaged in the advertising business and, as part of its business, prepares photographic and other art materials utilizing various chemicals in and about its offices and work environment. Defendant Louis Zimmer is the President of the corporation and its sole stockholder.

Maureen Kennard began employment with defendant Louis Zimmer on August 31, 1977 as a receptionist at an annual salary of $8,000 per annum. Prior to 1982, Louis Zimmer was self-employed. In 1982, Louis Zimmer incorporated.

In 1983, the advertising agency had four full-time employees, including defendant Zimmer and Maureen Kennard, as well as one or two part-time free lance artists and a part-time receptionist. Each employee received an annual evaluation at the end of each August.

At the time of her termination on August 9, 1983, Maureen Kennard was earning a base salary of $20,000 per annum and was employed as a production assistant or coordinator. Her duties included coordination of art department work together with performing assignments involving the use of chemicals and related materials. During the course of her employment with defendants, Maureen Kennard experienced a variety of medical problems including continuous colds, coughing and respiratory difficulty which required medical attention.

In June of 1983, she complained to defendant Zimmer regarding her medical problems related to the combination of

---

1. There is no provision in section 11(c)(2) for private right of action to enforce the section's antidiscrimination provision and the prevailing authority is that no implied private right of action exists under the Act. *See, e.g., McCarthy v. Bark Peking,* 676 F.2d 42, 47 (2d Cir.1982); *Taylor v. Brighton Corp.,* 616 F.2d 256, 259 (6th Cir.1980). No such private right of action pursuant to § 11(c)(2) has been alleged. I note, however, that the Third Circuit has recently interpreted Pennsylvania law as permitting an employee to recover damages for wrongful dismissal under both tort and contract theories. Pennsylvania law follows the employment-at-will doctrine: Absent a statutory or contractual provision to the contrary, the law has recognized the power of either party to terminate an employment relationship for any or no reason. *Geary v. United States Steel Corporation,* 456 Pa. 171, 184, 319 A.2d 174, 180 (1974). In *Novosel v. Nationwide Insurance Co.,* 721 F.2d 894 (3d Cir.1983), Judge Adams recognized a "public policy" tort as well as an implied covenant of employment security in that an employer's custom, practice or policy could create either a "just cause" requirement or contractual procedures by which an employer must abide to effectuate dismissal.

chemical fumes and cigarette smoke present in her work area. As a result of this complaint, defendant Zimmer directed all employees to stop smoking on the premises and moved her work table from the rear of the office where the chemicals were used to the reception area in the front.

On or about June 23, 1983, Tim Kennard, Maureen Kennard's husband, telephoned the Occupational Safety and Health Administration ("OSHA") and complained regarding the lack of ventilation at the business premises of the defendants.

OSHA prepared a formal complaint and sent it to the Kennard residence but Maureen Kennard elected not to file a formal written complaint.

On July 22, 1983 defendants Louis Zimmer Communications, Inc. and Louis Zimmer received a copy of a complaint notification letter from OSHA, dated July 21, 1983, regarding lack of adequate ventilation in areas where chemicals were used causing illness among employees. Maureen Kennard admitted to defendant Zimmer that she and her husband had made a complaint to OSHA concerning the lack of ventilation. As required by the Department of Labor, defendant Zimmer posted the notice and advised other employees that the cleaning service had registered the complaint.

Prior to the Kennard complaint, in 1982, defendant Zimmer sought estimates for the installation of a ventilating system. During the latter part of July and/or the beginning of August, 1983 defendants began work through a contractor to install a ventilation system in the office which was completed by August 12, 1983.

On August 9, 1983, defendant Zimmer told Maureen Kennard he was restructuring her job and that she was immediately terminated. Maureen Kennard's duties were taken over by defendant Zimmer and the remaining two full-time employees. The new restructured position was filled October 3, 1983.

## II.

As to the Secretary of Labor's burden of proof, OSHA is not distinguishable from those federal statutes which protect against discrimination based on defined characteristics, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1982), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1982), the Reconstruction Civil Rights Acts, 42 U.S.C. §§ 1981, 1985(3) (1982), and the Rehabilitation Act of 1973. 29 U.S.C. §§ 701–794 (1982). Under OSHA, the Secretary must prove that an employee is in the class of individuals whose conduct is protected by the Act and prove the causal connection between the discharge and the protected conduct. The above-cited statutory provisions require that a plaintiff prove the causal connection between the discharge and the possession of a specific characteristic such as race, age, handicap and so on.

Regulations under 29 C.F.R. § 1977 provide that an employee's engaging in activities which are protected by OSHA does not immunize the employee from discipline or discharge for *other reasons*. 29 C.F.R. § 1977.6(a). But, an employer who discharges an employee for a combination of reasons is not protected if the employee's protected activity was a *substantial reason* for the employer's action or if the employer would not have acted "but for" the employee's protected activity. 29 C.F.R. 1977.6(b).

Similarly, under the public policy tort doctrine, a *prima facie* case is made out in tort when the employee can prove that he or she was terminated for conduct protected by the public policy of the state. Once such a *prima facie* case is established, the employer can avoid liability only if he or she can show "justification" for the termination.[2]

Maureen Kennard alleges that defendants wrongfully terminated her employment due to her complaint to OSHA

---

**2.** The analytical framework is provided by § 870 of the Restatement (Second) of Torts, which provides for liability for an unjustified intentional infliction of injury.

and that said termination violated the public policy supporting the right of all citizens to complain to federal agencies regarding work and health conditions. There is little doubt that the protection of an employee's right to complain to federal agencies regarding work and health conditions is a compelling societal interest. *See Wolk v. Saks Fifth Avenue, Inc.,* 728 F.2d 221, 223 (3d Cir.1984).[3] Thus, assuming without deciding the applicability of this exception, the question becomes whether the evidence adduced at trial discloses a plausible and legitimate reason for defendant's termination of Maureen Kennard.

As to plaintiff's claim of breach of an implied covenant of good faith and fair dealing, *see* Restatement (Second) of Contracts § 205, a discharge violative of OSHA and/or public policy would be equally violative of any covenant of good faith and fair dealing cognizable under Pennsylvania law[4] since the lynchpin of each theory of recovery is the retaliatory nature of the discharge.

Defendant Louis Zimmer has gone forward with evidence and testified that Maureen Kennard's discharge was not in retaliation for her exercise of activities protected by OSHA but was, instead, to further the legitimate business purposes of his company. He testified that in January of 1983, the agency had roughly 19 clients; by the end of the second quarter of 1983, the client roster had been reduced to 12 clients and by the end of the third quarter of 1983, the client roster had been reduced to 10 clients.

Defendant Zimmer also testified that his business had begun changing in late 1982 and early 1983. To service this client base, he required someone with an extensive writing background and that Kennard was not capable of assuming these functions. As president of the agency, he determined that she would have to be replaced by a person who could both perform Kennard's functions as well as do creative writing.

The issue before this court is whether, under the particular circumstances presented, the employer violated the antidiscrimination provisions of 29 U.S.C. § 660(c)(1), state public policy or any implied covenant of good faith and fair dealing by discharging Maureen Kennard. The question I must decide is whether Maureen Kennard has shown by a preponderance of the evidence that Louis Zimmer would not have discharged her if a complaint to OSHA had not been made at her behest regarding the adequacy of the ventilation system.

The question of actual motivation is a question of fact which I have resolved after considering all the evidence presented by both sides. The record contains substantial evidence, both direct and indirect, that Maureen Kennard's discharge would have occurred despite her complaint.

There is no direct evidence of retaliation insofar as there is no statement by the employer showing animus. Therefore, any evidence that the defendant's proffered explanation for the discharge is a pretext is circumstantial: (1) Maureen Kennard lodged a complaint with OSHA, (2) defendant Zimmer knew about it, (3) construction

---

**3.** However, this is a statutorily expressed public policy and a federal statute already carries a remedy for this precise violation. *Novosel,* on the other hand, involved a situation where there was no alternative remedy. And, Judge Adams was careful to point out that the only Pennsylvania cases applying public policy exceptions do so where no statutory remedies were available. *Novosel,* 721 F.2d at 898.

**4.** It has been held in some jurisdictions that a termination of a contract of employment at will which is motivated by bad faith or malice or based on retaliation is not in the best interests of the economic system or the public good and constitutes a breach of the employment con-

tract. *Monge v. Beebe Rubber Co.,* 114 N.H. 130, 133, 316 A.2d 549, 551 (1974). *See also Stepanischen v. Merchants Despatch Transp. Corporation,* 722 F.2d 922, 932 (1st Cir.1983) (retaliation violative of Railway Labor Act would violate covenant of good faith and fair dealing under Massachusetts law).

While I recognize that this exception to the employment at will doctrine has been followed by other courts, I can discern from the caselaw no indication that Pennsylvania courts have adopted or intend to adopt such a doctrine. *See Kamens v. Summit Stainless Inc.,* 586 F.Supp. 324 (E.D.Pa.1984).

of a ventilation system at expense to Zimmer was begun, and (4) Maureen Kennard was terminated in that time frame.

But, there is persuasive evidence that supports the finding that the discharge was not an act of retaliation. There is evidence in the record that defendant Zimmer, upon learning of Maureen Kennard's medical problems, shielded her from the cigarette smoke of the other employees and did not link the "no smoking" ban to her. Moreover, there is the fact that Louis Zimmer moved her work station and then took formal action to ventilate the office without any prodding. OSHA sent Louis Zimmer Communications, Inc. a notice but there has been no administrative finding of default.

In addition, defendant Zimmer did not suggest that, within the scope of her job class, Maureen Kennard did *not* perform well. Instead, he has shown and it is not disputed, that the character of the agency changed in direct correlation to the number of clients, as did the skills required of the person performing the job. There is direct evidence that the job was "restructured" from what was essentially a clerical assistant to a professional assistant—the person that replaced Maureen Kennard had additional writing experience and skills as well as a more extensive educational background.

■ Therefore, I find, on the basis of the evidence, that Maureen Kennard's discharge would have taken place despite her protected activities. Thus, the Secretary of Labor has not made out a violation of section 11(c) of OSHA. Furthermore, even though Maureen Kennard may have proved a *prima facie* case that she was terminated for conduct protected by state public policy, the employer showed justification for the termination. Thus, I conclude that Maureen Kennard has not proved that her discharge is within the ambit of the public

policy tort exception to the employment-at-will doctrine.[5] Nor has she established a breach of any implied covenant of good faith and fair dealing.

### III.

■ In addition to her claim of wrongful discharge sounding in tort, Maureen Kennard asserted that by her discharge, defendants breached their employment contract obligation of fair dealing by discharging her without prior notice and in violation of public policy.

Again, Pennsylvania law concerning breach of contract claims is clear that absent a statutory or contractual provision to the contrary, it is presumed that either party may end an employment relationship at any time, for any or no cause. *Murray v. Commercial Union Ins. Co.*, 782 F.2d 432, 435 (3d Cir.1986); *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174, 176 (1974). No notice or explanation is required.

Recovery for wrongful discharge on breach of contract grounds has been permitted in Pennsylvania under more traditional contract theory. The burden is on the employee to overcome the presumption of employment-at-will by demonstrating facts and circumstances establishing a promise to employ for a particular period of time or to terminate only for reason or through certain procedures. *Murray, supra,* 782 F.2d at 435; *Cummings v. Kelly Nut Co.*, 368 Pa. 448, 84 A.2d 323, 325 (1951); Restatement (Second) of Contracts § 33.

Based on the evidence presented at trial, Maureen Kennard did not prove that the employment contract at issue contained a fixed tenure or provided for discharge only upon prior notice. Nor was there any direct or circumstantial evidence of an actual employer promise to discharge only for cause or to follow certain procedures in

---

**5.** Plaintiff alleges also that she was wrongfully discharged in a manner that was wanton, malicious and oppressive entitling her to punitive damages. Inasmuch as plaintiff cannot recover on her tort claim, she cannot collect punitive damages. Moreover, the law in Pennsylvania has always been that punitive damages cannot be recovered for breach of contract. *Murray v. Commercial Union Insurance Company*, 782 F.2d 432, 436 (3d Cir.1986).

terminating employees. Therefore, Maureen Kennard has failed to prove any breach of an implied covenant of employment security.

Accordingly, judgment shall be entered in favor of defendants and against plaintiffs.