357 S.E.2d 745

Kenneth A. WIGGINS

v.

EASTERN ASSOCIATED COAL CORP.

No. 17145.

Supreme Court of Appeals of
West Virginia.

May 15, 1987.
Dissenting Opinion July 14, 1987.

**64**

Wm. B. Talty, Tazewell, for appellant.

Charles Q. Gage, Larry W. Blalock, Jackson, Kelly, Holt & O'Farrell, Charleston, for appellee.

McGRAW, Chief Justice:

This is an appeal from an order by the Circuit Court of McDowell County dismissing the appellant's action seeking damages for his wrongful discharge. The circuit court ruled that the appellant's exclusive remedy was through the administrative complaint procedures detailed in the anti-discrimination provisions of the federal and state mine safety laws. 30 U.S.C. § 815(c) (1982); W.Va. Code § 22A–1A–20 (1985 Replacement Vol.). Alternatively, the court below ruled that, because the appellant had pursued his complaint under the federal but not the state statute, he had failed to exhaust his administrative remedies and was thereby barred from pursuing his tort claim in the courts of this state. We disagree with both of these rulings and reverse and remand the case for trial.

According to his complaint,[1] the appellant was a foreman at the appellee's Keystone No. 1 mine in McDowell County. On March 26, 1982, the appellant ordered a roof bolting machine shut down to correct a ventilation problem. He was reprimanded for this action and transferred to the nonproduction third shift. Within a few days, the appellant was verbally reprimanded for refusing to operate an improperly wired roof bolting machine until the wiring was corrected. The appellant was fired on April 9, 1982.

The appellant filed a discrimination complaint with the Federal Mine Safety and Health Administration, which eventually resulted in an award of backpay, attorneys fees, and incidental costs. The action filed in circuit court was a tort action for certain compensatory and punitive damages which the appellant contends were not available to him under either the state or federal mine safety statutes.

---

1. On appeal of a dismissal based on granting a motion pursuant to West Virginia Rules of Civil Procedure 12(b)(6), the allegations of the complaint must be taken as true. *Harless v. First National Bank in Fairmont*, 162 W.Va. 116, 246 S.E.2d 270 (1978).

## I.

The appellee argues that the remedies made available under the federal and state mine safety statutes[2] are adequate to protect public policy interests in employee safety and that, therefore, these remedies should be the exclusive ones available to a wrongfully discharged employee. Under each of the statutes, the administrative body charged with hearing the complaint may "take such affirmative action to abate the violation as ... [it] deems appropriate, including, but not limited to, the rehiring or reinstatement of the miner to his former position with back pay." 30 U.S.C. § 815(c)(2); W.Va.Code § 22A–1A–20(b). This formula for remedying illegal discrimination has been characterized, in the context of Title VII,[3] as an equitable remedy, rather than enforcing general "legal rights" within the meaning of the seventh amendment to the United States Constitution. *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

■ In its brief, the appellee recognizes that only equitable relief is available through the administrative proceedings in question, and contends that this is the only relief which the state and federal legislative bodies intended to make available to discriminatees. The appellee does not point to any language in either of the statutes which makes the available equitable remedies exclusive. Rather, the appellee relies on a common law rule of exclusivity expressed by this Court in 1883 that

> [w]hen a statute creates a new offence and denounces the penalty, or gives a new right and declares the remedy, the punishment or the remedy can be only that which the statute prescribes.

Syl. Pt. 2, *Lynch v. Merchants National Bank*, 22 W.Va. 554 (1883). Thus, the appellee contends that the only recourse open to a miner discriminated against because of safety issues is the administrative process and the remedies available under the safety statutes. What the appellee fails to acknowledge, however, is that this Court has recognized an exception to the exclusivity rule where the available administrative remedy is inadequate. *Price v. Boone County Ambulance Authority*, 175 W.Va. 676, 678–679, 337 S.E.2d 913, 915–16 (1985); *see Atchison, Topeka and Santa Fe Railway Co. v. Buell*, 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987).

■ The appellant in this case filed an action based on our decision in *Harless*. The common law wrongful discharge action recognized in *Harless* follows the applicable rules relating to tort damages, *Shanholtz v. Monongahela Power Co.*, 165 W.Va. 305, 309–10, 270 S.E.2d 178, 182 (1980), and permits a claim for damages caused by the intentional infliction of severe emotional distress, or, in the appropriate case, for the assessment of punitive damages.[4]

The *Harless* conclusion that the right to discharge an at will employee must yield when that discharge violates some substantial public policy was made in light of our examination of the trend in similar contemporary decisions by our sister jurisdictions. The appellee points out that Oregon, one of the states which recognizes a wrongful discharge action, has refused to extend this right to those discharged in retaliation for

---

**2.** In all relevant respects, the state and federal statutes are the same. They protect the same activities, 30 U.S.C. § 815(c)(2); W.Va.Code § 22A–1A–20(a), detail administrative complaint procedures, 30 U.S.C. § 815(c)(2) & (3); W.Va. Code § 22A–1A–20(b), and provide for similar types of relief, 30 U.S.C. § 815(c)(3); W.Va.Code § 22A–1A–20(b) & (c).

**3.** Civil Rights Act of 1964, 42 U.S.C. § 2000–5(g) (1982).

**4.** In the sequel to the first *Harless* decision, we held that "[t]he tort of retaliatory discharge carries with it a sufficient indicia of intent, thus, damages for emotional distress may be recovered as a part of the compensatory damages." Syl. Pt. 3, *Harless v. First National Bank in Fairmont*, 169 W.Va. 673, 289 S.E.2d 692 (1982) (hereinafter *Harless* II). We then went on to rule that

> [b]ecause there is a certain open-endedness in the limits of recovery for emotional distress in a retaliatory discharge claim, we decline to automatically allow a claim for punitive damages to be added to the damage picture. We do recognize that where the employer's conduct is wanton, willful or malicious, punitive damages may be appropriate. *Id.* at Syl. Pt. 5.

their safety related activities. *Walsh v. Consolidated Freightways, Inc.,* 278 Or. 347, 563 P.2d 1205 (1977).

We are unpersuaded by the Oregon court's conclusion in *Walsh* that the available statutory remedies are adequate in the case of a retaliatory discharge for safety related actions. As that court itself observed in allowing a wrongful discharge action for employees fired after resisting sexual demands or harassment,

> [r]einstatement, back pay, and injunctions vindicate the rights of the victimized group without compensating the plaintiff for such personal injuries as anguish, physical symptoms of stress, a sense of degradation, and the cost of psychiatric care. Legal as well as equitable remedies are needed to make the plaintiff whole.

*Holien v. Sears. Roebuck and Co.,* 298 Or. 76, 689 P.2d 1292 (1984).[5]

■ The primary purpose of the penalties imposed under the antidiscrimination provisions of the mine safety acts is to ensure the reporting of safety violations, rather than vindication of private interests, *see Marshall v. Intermountain Electric Company,* 614 F.2d 260 (10th Cir.1980), and victims of discrimination must look to the courts to receive full compensation for the violation of their legal rights. "[V]ictims of unlawful discrimination have access to our courts when the main object of their complaint is to recover damages." *State Human Rights Commission v. Pearlman Realty Agency,* 161 W.Va. 1, 6, 239 S.E.2d 145, 148 (1977).

■ While it is true that the provision of a comprehensive remedial scheme is a strong indication of a legislative intent of exclusivity, *Mahoney v. Crocker National Bank,* 571 F.Supp. 287, 293 (N.D.Cal.1983), the statutory remedies in the antidiscrim-

ination provisions are limited rather than comprehensive. That, in combination with the silence of the statutes themselves on the exclusivity issue, and the fact that these safety statutes are to be construed liberally in favor of their intended beneficiaries, *State ex rel. Perry v. Miller* 171 W.Va. 509, 300 S.E.2d 622 (1983), convinces us that there was no legislative intent to make the remedies detailed in the antidiscrimination portions of the safety statutes exclusive.[6]

## II.

■ The remaining issue is whether the appellant should be barred from pursuing his common law remedies because he did not exhaust his administrative remedies under West Virginia Code § 22A–1A–20. In the instant case, we need not decide whether a discriminatee must first pursue his state administrative remedies before turning to the courts for vindication of his common law rights, because the appellant successfully pursued the nearly identical administrative remedies available under the federal mine safety statute. The appellant could not have been granted any additional relief under the parallel West Virginia statute because "[d]ouble recovery of damages is not permitted; the law does not permit a double satisfaction for a single injury." Syl. Pt. 7, *Harless II,* 169 W.Va. 673, 289 S.E.2d 692. The general requirement of the exhaustion of administrative remedies is not a jurisdictional doctrine, but is a matter of comity, within the discretion of the trial court. *See, e.g. McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Panola Land Buyers Association v. Shuman,* 762 F.2d 1550 (11th Cir.1985); *United States ex rel. Tobias v. Laird,* 413 F.2d 936 (4th Cir.1969). This Court will not require the exhaustion of administrative remedies where such

---

5. The Oregon court is apparently rethinking the holding in *Walsh,* since it recently let stand a court of appeals holding that a discharge in retaliation for safety related activities could support a separate cause of action for outrageous intentional infliction of emotional distress. *Carsner v. Freightliner Corp.,* 69 Or.App. 666, 688 P.2d 398, *review denied,* 298 Or. 334, 691 P.2d 483 (1984).

6. This conclusion was also reached by at least one federal court, which heard federal claims arising under similar antidiscrimination provisions along with a state law based wrongful discharge action in *Kennard v. Louis Zimmer Communications, Inc.,* 632 F.Supp. 635 (E.D.Pa. 1986).

remedies are duplicative or the effort to obtain them futile.

For all of these reasons, the judgment of the Circuit Court of McDowell County is reversed, and the case is remanded for trial.

Reversed and Remanded.

BROTHERTON, Justice, dissenting:

I respectfully dissent from the Court's opinion permitting Wiggins to pursue a tort cause of action following his award of damages under the administrative procedures of the mine safety statutes.

I would hold that the remedy provided the appellant under the federal and state mine safety statutes[1] was his exclusive remedy, barring an additional tort action in state circuit court.

The majority cites the opinion of this Court in *Price v. Boone County Ambulance Auth.*, 175 W.Va. 676, 337 S.E.2d 913 (1985), for the proposition that an exception to the exclusivity principle exists where the available administrative remedy is inadequate.[2] The majority distorts the exclusivity exception we recognized in *Price*.

The question in *Price* was whether a plaintiff may sue in circuit court to enforce the substantive provisions of the West Virginia Human Rights Act[3] without complying with the Act's administrative process. We "recognized that the administrative process established by our Human Rights Act was not achieving its intended purpose...." 175 W.Va. at 678, 337 S.E.2d at 916. We noted the exclusivity principle which provides that where a statute gives a new right and declares the remedy, the remedy may be only that provided in the statute. *See* syl. pt. 2, *Lynch v. Merchants Nat'l Bank*, 22 W.Va. 554 (1883). We noted, however, that "[c]ourts have recognized an exception to this rule ... where there is no adequate administrative remedy." 175 W.Va. at 678, 337 S.E.2d at 916. Conclud-

ing that the administrative *process* under the Human Rights Act was not achieving its intended purpose, we held that persons aggrieved by human rights violations had "the option to proceed in circuit court, as an alternative to initiating administrative action." *Id.* We made clear, however, that those two avenues were mutually exclusive. *Id.* More importantly to the present case, we stated that damages awarded in an action in circuit court were limited to the statutory remedies set out in the Human Rights Act. *Id.*

Thus, while *Price* established an exception to exclusivity of statutory process, *Price* did not provide an exception to the exclusivity of statutory remedy. As the United States District Court for the Southern District of West Virginia correctly stated:

[E]ven though the *Price* decision allows a party to initiate an action without exhausting administrative remedies, it does not sanction a suit wholly separate and apart from the statute.[4]

Yet the majority reads *Price* as allowing, not an alternative remedy, but an additional remedy for retaliatory discharge.

While *Price* might possibly be read to allow Wiggins a choice whether to bring his action pursuant to administrative process or in the circuit court, contrary to the majority's opinion, this Court in *Price* did not create a mechanism to allow Wiggins double recovery in his employment discrimination action. I, therefore, dissent.

I am authorized to state that Justice NEELY joins me in this dissent.

---

1. *See* 30 U.S.C. § 815(c)(2) & (3) (1986); W.Va. Code § 22A-1A-20(b) & (c) (1985).

2. *See* 175 W.Va. at 678, 337 S.E.2d at 916.

3. W.Va.Code § 5-11-9 (1987).

4. *Guevara v. K-Mart Corp.*, 629 F.Supp. 1189, 1192 (S.D.W.Va.1986).