580 S.E.2d 515

**John J. COBERLY and Portia Ann Coberly, Plaintiffs Below, Appellants**

v.

**Rebecca A. COBERLY, Individually and as Possible Beneficiary of J & J Trust, and as Executrix and Beneficiary of the Estate of John T. Coberly, Deceased Defendant Below, Appellee.**

No. 30789.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 11, 2003.

Decided April 17, 2003.

LaVerne Sweeney, Esq., Grafton, for Appellants.

David H. Wilmoth, Esq., Elkins, for Appellee.

PER CURIAM.

In this proceeding, the Circuit Court of Randolph County dismissed a complaint which the appellants, John J. Coberly and Portia Ann Coberly, his wife, had filed against Rebecca A. Coberly. The court dismissed the complaint because the court concluded that it failed to state a claim upon which relief could be granted. On appeal, the appellants claim that their complaint did state a claim upon which relief could be granted and that, as a consequence, the circuit court erred in dismissing their action. After reviewing the questions presented, this Court agrees with the appellants and reverses the decision of the circuit court.

I.

FACTS

On May 7, 1984, Ivan Coberly, the grandfather of the appellant John J. Coberly, conveyed to John J. Coberly and John J. Cober-

ly's father, John T. Coberly, a tract of land located in Leadsville District, Randolph County, West Virginia. The property was conveyed to the appellant and his father as joint tenants with the right of survivorship.

Subsequent to the conveyance, the appellant John J. Coberly and his father, John T. Coberly, borrowed substantial sums of money against the property and constructed commercial improvements upon it.

Later, on May 5, 1995, the appellant John J. Coberly, who was not represented by counsel, and his father, John T. Coberly, executed two documents affecting the ownership of the property. One of the documents transferred the property to the "J & J Trust." The other document apparently dealt with the trust, and, according to the complaint later filed, provided that "... [t]rustee shall use the Trust Estate for the HEALTH and WELFARE of John J. Coberly [the appellant], as Trustee, and in Trustee's sole discretion only, deem necessary, it being the intent, however, of the Settlers to provide John J. Coberly a reasonable monthly income, if possible, from the Trust Estate." [1]

In the present appeal, the appellant, John J. Coberly, asserts that, in 1998, after the transactions involving the trust, he, his father, and his father's wife, Rebecca A. Coberly, who is apparently the appellant's stepmother, borrowed $144,000 and executed a deed of trust on the property to secure the loan. A portion of the amount borrowed apparently was used to satisfy debts against the property. However, according to the complaint, the appellant's father and/or his stepmother, appropriated the balance of the loan proceeds.

Subsequent to the 1998 financing, the appellant's father died testate and in his will named Rebecca A. Coberly executrix of the estate and devised to her a substantial portion of his estate apparently including apparently his interest in the property which had previously been conveyed to the "J & J Trust." It appears that at this time or previously, Rebecca A. Coberly had become a trustee, or the trustee, of the "J & J Trust."

Following the death of John T. Coberly, a dispute arose between Rebecca A. Coberly and the appellant over money arising from the property which had been conveyed to the "J & J.Trust." As a consequence, the appellants filed the complaint instituting the present action.

After examining the complaint, Rebecca A. Coberly moved that the court dismiss it on the ground that it failed to state a cause of action upon which relief could be granted. The circuit court took the motion under consideration, and on October 3, 2001, granted it. In a subsequent order, the court said:

> [T]he Complaint, when read in a light most favorable to the Plaintiffs failed to assert a factual scenario which would provided [sic] legal basis for relief. The Court, having considered counsel's argument as well as having reviewed the pleadings in this matter, being of the opinion that Defendant's Motion to Dismiss is proper does hereby ORDER that Defendant's Motion to Dismiss be and hereby is GRANTED based upon the contents of the Complaint which contains numerous assertions of fact and a laundry list of Plaintiffs' desires concerning changes which Plaintiffs wish could be made to previously executed documents, however, the Court finds that the Complaint fails to assert any grounds supporting relief sought.

It is from the dismissal of the action that the appellants now appeal.

## II.

### STANDARD OF REVIEW

■ In Syllabus Point 2 of *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995), this Court stated: "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Additionally, in *Wiggins v. Eastern Associated Coal Corporation*, 178 W.Va. 63, 357 S.E.2d 745 (1987), this Court indicated that on appeal of a dismissal of a case based upon the assertion that the

---

1. The documents are not in the record presently before the Court. The Court has ascertained their contents from the complaint which the appellants later filed.

complaint fails to state a claim upon which relief can be granted, the allegations of the complaint must be taken as true.

## III.

## DISCUSSION

■ A fundamental precept governing the review of a motion to dismiss a complaint for failure to state a cause of action is set forth in Syllabus Point 3 of *Chapman v. Kane Transfer Company, Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977). That Syllabus Point states: "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See also, John W. Lodge Distributing Company, Inc. v. Texaco, Inc.*, 161 W.Va. 603, 245 S.E.2d 157 (1978); *Mandolidis v. Elkins Industries, Inc.*, 161 W.Va. 695, 246 S.E.2d 907 (1978); and *Chapman v. Kane Transfer Company, Inc., supra.*

■ In light of this principle, the question before this Court in the present case is whether the appellants' complaint states any set of facts which might entitled them to relief. Further, *Wiggins v. Eastern Associated Coal Corporation, supra*, indicates that in examining that question, this Court should consider the allegations contained in the complaint as correct.

As has previously been stated, the complaint alleges, among other things, that the property in question was transferred in trust with the direction that the property or trust estate be used for the health and welfare of the appellant John J. Coberly "as Trustee and in Trustee's sole discretion only, deem necessary." The trust agreement states, however, that it is the intent of the settlors to provide the appellant John J. Coberly with a reasonable monthly income, if possible, from the trust estate. The complaint further alleges that Rebecca A. Coberly, the appellee

and trustee of the estate, had deprived the appellant, John J. Coberly, of money which was rightfully his.

In *Goetz v. Old National Bank of Martinsburg*, 140 W.Va. 422, 84 S.E.2d 759 (1954), this Court recognized that although discretionary powers may be vested in a trustee of a trust, and that courts should not normally interfere with the exercise of such discretionary powers, the exercise of the discretion must not be made in a fraudulent or abusive way, and the powers must not be exercised by the trustee in bad faith.

A reading of the complaint in the present case, when the allegations are taken as true, indicates that the appellee Rebecca A. Coberly received an interest in the real property in issue in trust with the discretionary power to distribute the proceeds for the health and welfare of the appellant, John J. Coberly. It contains the further indication that the intent of the settlors in establishing the trust was to provide the appellant John J. Coberly with a reasonable monthly income, if possible, from the trust estate. The allegations of the complaint also indicate that the appellant has not been receiving income from the trust estate and that it is the appellant's claim that the income has been wrongfully, or in an abusive and bad faith manner, withheld by the appellee Rebecca A. Coberly, the, or a, trustee of the "J & J Trust."

After reading the complaint, this Court believes that its allegations, if taken as true, adequately allege that Rebecca A. Coberly has not managed the trust property in the manner contemplated by law. It, in effect, alleges a breach of trust which is a cause of action under West Virginia law.

In effect, this Court believes that when the complaint is analyzed in the manner specified by the law, it does allege a cause of action, and since it does allege a cause of action, the trial court erred in dismissing the complaint for failure to state a cause of action upon which relief can be granted.[2]

---

2. The Court believes that the complaint was rather inartfully drawn, and that it possibly sets forth other causes of action such as the misappropriation of trust property resulting from conversion of loan proceeds received from the 1998 loan

against the property. There is also a suggestion that the appellant, John J. Coberly, was fraudulently induced into transferring his interest in the property to the "J & J Trust" although the complaint plainly fails to allege fraud with the partic-

In view of the foregoing, the judgment of the Circuit Court of Randolph County is reversed, and this case is remanded for further development.

Reversed and remanded.

ularity required by Rule 9 of the Rules of Civil Procedure. The Court notes that the Rules of Civil Procedure provide means for clarifying claims. For instance, Rule 12(e) provides that a party may move for a more definite statement of a claim, and Rule 15 provides for amendment of a complaint. The Court has recognized that amendment should be freely allowed. *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973). And in the present case, the Court believes that the appellant should be afforded a reasonable opportunity to amend if he chooses to do so.