IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DONTA WADE,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-378**     (Cir. Ct. Cabell Cnty. Case No. CC-06-2024-C-179)

**UNIVERSITY PHYSICIANS & SURGEONS, INC.,**
**MARSHALL HEALTH NETWORK, INC.,**
**HOLLY NAUERT, D.O., and**
**LEE VAN HORN, M.D.,**
**Defendants Below, Respondents**


## MEMORANDUM DECISION

Petitioner Donta Wade appeals the Circuit Court of Cabell County's August 22, 2024, order which dismissed his amended complaint for failure to comply with the pre-suit notice requirements of the Medical Professional Liability Act ("MPLA"). Respondents University Physicians & Surgeons, Inc., Holly Nauert, D.O., and Lee Van Horn, M.D., jointly filed a response in support of the circuit court's order. Respondent Marshall Health Network, Inc. ("Marshall") also filed a response in support of the circuit court's order. Mr. Wade did not file a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wade filed his amended complaint on May 20, 2024. In the amended complaint, Mr. Wade asserts that he was being treated by respondents University Physicians & Surgeons, Inc., and Marshall Health Network, Inc., when he asked to have his primary care provider switched. As a result, he was assigned to respondent Dr. Holly Nauert, who was a resident physician. The amended complaint alleges that Mr. Wade asked Dr. Nauert at the beginning of each appointment whether the information shared with her would be

---

[1] Mr. Wade is self-represented. University Physicians & Surgeons, Inc., Holly Nauert, D.O., and Lee Van Horn, M.D., are represented by Perry W. Oxley, Esq., Brian D. Morrison, Esq., and Zachary T. Ramey, Esq. Marshall is represented by Robert M. Sellards, Esq., Ralph J. Hagy, Esq., and John H. Zickefoose, Esq.

confidential, to which the doctor replied that it would be and that no one would have access to the information unless they became his doctor.

After several appointments with Dr. Nauert, Mr. Wade requested his last ten years of medical records from University Physicians & Surgeons, Inc., and Marshall. The records reflected that after each appointment with Dr. Nauert, the resident physician would discuss the appointment and treatment of Mr. Wade with the attending physician, respondent Dr. Lee Van Horn. The gist of the amended complaint is that it was tortious for Dr. Nauert to discuss Mr. Wade's health information with the attending physician and for Marshall to assign Dr. Nauert when he asked for a new primary care physician.

Based on this conduct, Mr. Wade asserted causes of action for: Count I Negligent Infliction of Emotional Distress; Count II Invasion of Privacy; Count III Breach of Contract; Count IV Negligent Oversight; Count V Embarrassment; Count VI Unfair and Deceptive Business Practices; Count VII Willful Misconduct/Punitive Damages; Count VIII Reckless Endangerment; Count IX Humiliation; and Count X Breach of Duty. None of the causes of action contain substantive allegations but instead all state, "Plaintiff reincorporates by reference the allegations contained within the previous paragraphs as if more fully set forth within. At all relevant times the Defendants, jointly and severally, acted willfully, wantonly, and with deliberate indifference to the Plaintiffs' [sic] rights. As a result of the Defendants' misconduct the Plaintiff suffered damages." The amended complaint sought $1,000,000,000.00 in damages.

On June 10, 2024, Drs. Nauert and Van Horn moved to dismiss on the basis that the claims fail as a matter of law; Mr. Wade failed to comply with the pre-suit notice requirements for medical professional liability cases; and the amended complaint fails to assert sufficient facts to create causes of action. On the same date, Marshall and University Physicians & Surgeons separately moved to dismiss on the basis that the claims fail as a matter of law; Mr. Wade failed to comply with the pre-suit notice requirements for medical professional liability cases; and that they were entitled to sovereign immunity.

On July 3, 2024, Mr. Wade filed his Statement in Lieu of Screening Certificate of Merit which asserted that a certificate of merit was not needed in this matter because the causes of action are based on well-established legal theories which do not require expert testimony.

A hearing was held on the motions to dismiss on August 5, 2024. Following the hearing, the circuit court entered its Order Granting Defendants' Motions to Dismiss. In that order, the circuit court concluded that Mr. Wade's claims were covered by the MPLA and as such he was required to comply with the pre-suit notice requirements which required him to provide the respondents with a screening certificate of merit thirty days before he filed his case. The circuit court rejected Mr. Wade's argument that he did not need a certificate of merit because his statement in lieu specifically stated that the respondents

2

"breached the applicable standard of care between a patient and a Health Care Facility and its Health-care providers." Further, even if a certificate of merit was not required, Mr. Wade's statement in lieu was not timely provided. The circuit court held that it did not have subject matter jurisdiction and dismissed Mr. Wade's case without prejudice. It is from this order that Mr. Wade appeals.[2]

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex. rel McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). Moreover, "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977). "On appeal of a dismissal based on granting a motion pursuant to West Virginia Rules of Civil Procedure 12(b)(6), the allegations of the complaint must be taken as true." Syl. Pt. 1, *Wiggins v. Eastern Associated Coal Corp.*, 178 W. Va. 63, 357 S.E.2d 745 (1987). Further, because we must decide whether the circuit court was correct in applying the MPLA to this matter, our review is guided by the Supreme Court of Appeals of West Virginia's ("SCAWV") recognition, in syllabus point one of *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995), that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." With these standards in mind, we now consider the issues raised on appeal.

On appeal, Mr. Wade advances eight assignments of error, which are interrelated and call for this Court to determine one question: Did the circuit court err in dismissing the complaint based on Mr. Wade's failure to comply with the MPLA's pre-suit notice requirements?

In that regard, the SCAWV has held that:

> [t]he failure to plead a claim as governed by the Medical Professional Liability Act, W. Va. Code § 55-7B-1, *et seq.*, does not preclude application of the Act. Where the alleged tortious acts or omissions are committed by a health care provider within the context of the rendering of "health care" as defined by W. Va. Code § 55-7B-2(e) (2006) (Supp. 2007), the Act applies regardless of how the claims have been pled.

Syl. Pt. 4, *Blankenship v. Ethicon*, Inc., 221 W. Va. 700, 656 S.E.2d 451 (2007).

---

[2] Mr. Wade also moved for reconsideration which was denied by the circuit court.

Where the alleged offensive action was committed within the context of rendering "health care," the statute applies. *Id.* at 707, 656 S.E.2d at 458. Here, it is clear from Mr. Wade's amended complaint that the alleged offensive actions were committed by healthcare providers within the context of rendering healthcare to Mr. Wade and therefore the MPLA applies to Mr. Wade's claims.[3] *See State ex rel. CAMC, Inc. v. Thompson,* 248 W. Va. 352, 360, 888 S.E.2d 852, 860 (2023) (Invasion of privacy claims based on unauthorized disclosure of information related to the provision of medical care implicate the MPLA.)

West Virginia Code § 55-7B-6 (2022) provides that no person may file a medical professional liability action without first providing a notice of claim and screening certificate of merit at least thirty days prior. However, § 55-7B-6(c) provides that if a plaintiff believes that no screening certificate of merit is necessary because their case is based upon a well-established legal theory which does not require expert testimony supporting a breach of the applicable standard of care, the plaintiff can file a statement in lieu of a screening certificate of merit. "Because a statement that no screening certificate of merit is required pursuant to W. Va. Code § 55-7B-6(c) is clearly 'in lieu of' providing such a certificate of merit, such statement should be served no later than the applicable statutory deadline for providing a certificate of merit pursuant to W. Va. Code § 55-7B-6." Syl. Pt. 5, *State ex rel. Hope Clinic, PLLC v. McGraw*, 245 W. Va. 171, 858 S.E.2d 221 (2021).

Here, whether the standard of care permits a resident physician to consult with an attending physician after treatment of a patient or whether the standard of care allows for assignment of a resident physician as a primary care provider are matters that require expert testimony and are not within the province of lay people. *See McLaughlin v. Murphy*, No. 17-0453, 2018 WL 2175705, at *6 (W. Va. May 11, 2018) (memorandum decision) (circuit court correctly found that a certificate of merit was necessary "because petitioner's allegations involved complex medical issues."). Accordingly, a statement in lieu of a screening certificate of merit was not appropriate in this matter. Further, it is undisputed that Mr. Wade failed to provide his statement in lieu of screening certificate of merit thirty days prior to filing his complaint. Post-suit notice is insufficient to cure the jurisdictional deficiency created by the failure to comply with the pre-suit notice requirements of the MPLA. *McGraw*, 245 W. Va. at 179, 858 S.E.2d at 229. Therefore, the circuit court did not err in dismissing Mr. Wade's complaint for failure to comply with the pre-suit notice requirements of the MPLA.

---

[3] The Court notes that Marshall has argued that it is not a healthcare provider and therefore not subject to Mr. Wade's claims for medical professional liability. However, for the purpose of evaluating a motion to dismiss, we take the allegations in the complaint as true. Syl. Pt. 1, *Wiggins v. Eastern Associated Coal Corp.*, 178 W. Va. 63, 357 S.E.2d 745 (1987). Mr. Wade's complaint specifically alleges that he was a patient of Marshall.

In addition, this Court concludes that Mr. Wade failed to state a claim. To survive a motion to dismiss for failure to state a claim, the complaint must set forth enough information to outline the elements of a claim or permit inferences to be drawn that these elements exist. *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 521, 854 S.E.2d 870, 883 (2020). Here, as mentioned previously, Mr. Wade's amended complaint sets forth ten causes of action. However, none of the causes of action contain substantive allegations and nothing in the remainder of the complaint outlines the elements of any of the claims listed by Mr. Wade or permits inferences to be drawn that the elements exist. Mr. Wade has failed to set forth enough information to outline the elements of his claims or permit inferences to be drawn that the elements of his claims exist and accordingly, Mr. Wade has failed to state a claim.

Therefore, we affirm the circuit court's August 22, 2024, order.

Affirmed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White