# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CLAY MUSIC CORP.,**
**Plaintiff Below, Petitioner**

**v.)  No. 24-ICA-457**        (Cir. Ct. Kanawha Cnty. Case No. CC-20-2023-C-657)

**MOUNTAINEER GAS COMPANY,**
**Defendant Below, Respondent**

**FILED**

**October 15, 2025**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

In this appeal, Petitioner Clay Music Corp. ("Clay") argues that a natural gas line in Beaver, West Virginia leaked, causing a gas explosion and fire that damaged several of Clay's video lottery machines in a nearby building, and that the operator of that gas line, Respondent Mountaineer Gas Company ("Mountaineer"), attempted to hide evidence of the cause of the explosion. On October 21, 2024, the Circuit Court of Kanawha County dismissed Clay's lawsuit based on this incident, finding that Clay's negligence claim was untimely, and that Clay insufficiently alleged a claim of intentional spoliation of evidence. On appeal, Mountaineer filed a brief in support of the circuit court's order.[1] Clay filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2021, Clay owned two video lottery terminals in a commercial gambling establishment known as "Judy's" in Beaver, West Virginia.[2] Judy's operated in a building owned by Shop-A-Minit. Clay was not a natural gas customer of Mountaineer, and no natural gas line ran to or under the premises of Judy's. However, Mountaineer maintained an underground natural gas distribution line in the vicinity of Judy's. For some time prior

---

[1] Clay is represented by David R. Barney, Esq. Mountaineer is represented by Carrie Goodwin Fenwick, Esq., and Eric R. Passeggio, Esq.

[2] The factual background is based on the allegations in Clay's complaint, which are taken as true at this stage. *See* Syl. Pt. 1, *Wiggins v. E. Associated Coal Corp.*, 178 W. Va. 63, 357 S.E.2d 745 (1987).

to July 18, 2021, a two-inch puncture in that distribution line leaked natural gas, some of which accumulated in a nearby sewer line that extended under the premises of Judy's. On July 18, 2021, that accumulated natural gas ignited, causing an explosion and fire at Judy's that damaged Clay's two video lottery terminals.

Clay filed the underlying complaint against Mountaineer on August 1, 2023, alleging claims of negligence and intentional spoliation of evidence. In addition to the facts as set forth above, Clay alleged that, during an investigation of the cause of the explosion, a Mountaineer employee came to the premises on two occasions to cut out and remove sections of the sewer line. Clay further alleged that Mountaineer removed and subsequently hid these pieces of the pipe to impede the investigation and conceal Mountaineer's potential liability. Clay stated that the investigators informed Clay in late August of 2021 that the leak from Mountaineer's gas line caused the explosion.

On September 11, 2023, Mountaineer filed a motion to dismiss Clay's complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Mountaineer argued that Clay's claims are barred by the statute of limitations and that the complaint failed to state a claim for intentional spoliation. Mountaineer included in its motion a picture of the sewer pipe and gas line from the immediate aftermath of the explosion, stating that this evidence would "assist the Court's understanding." Clay filed a response in opposition and Mountaineer filed a reply.

On October 21, 2024, the circuit court entered an order granting Mountaineer's motion to dismiss. Applying Syllabus Point 5 of *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009), the circuit court found that Clay's negligence claim is subject to a two-year statute of limitations and that the elements of the claim occurred on or before July 18, 2021. The circuit court also determined that the discovery rule did not apply, that Clay had not alleged facts supporting tolling under the doctrine of fraudulent concealment, and that no other tolling doctrine applied. Accordingly, the circuit court concluded that Clay's negligence claim is time-barred. The circuit court also determined that Clay's complaint failed to state a claim for intentional spoliation. It is from the circuit court's order dismissing Clay's claims that it now appeals.[3]

Our review of an order granting a motion to dismiss is *de novo*. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). Moreover, "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt.

---

[3] On September 7, 2023, the circuit court entered an order consolidating this matter with two other cases stemming from the same incident, Kanawha County Case Nos. CC-20-2022-C-385 and CC-20-2022-C-694. However, there appears to be no dispute between the parties that the order on appeal fully resolved the case between Clay and Mountaineer.

2

3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977). On appeal of an order dismissing a complaint under Rule 12(b)(6), the allegations of the complaint must be taken as true. Syl. Pt. 1, *Wiggins v. E. Associated Coal Corp.*, 178 W. Va. 63, 357 S.E.2d 745 (1987).

Clay raises four assignments of error on appeal, which we reorder to accord with our analysis. *See HD Media Co., LLC v. W. Va. Univ. Bd. of Governors*, 251 W. Va. 249, ___, 912 S.E.2d 12, 17 (Ct. App. 2024) (reordering assignments of error). First, we address Clay's argument that the circuit court erred in finding that the complaint failed to state a claim for negligence. As Mountaineer points out, the circuit court did not find that Clay's complaint failed to state a negligence claim. Rather, the circuit court found that the claim is time-barred. As this assignment of error challenges a ruling that the circuit court did not make, we find that it is meritless.

Next, Clay argues that the circuit court erred in finding that Clay's negligence claim is barred by the statute of limitations. We disagree. As the circuit court recognized, in *Dunn* the Supreme Court of Appeals of West Virginia ("SCAWV") set forth a five-step analysis for determining whether a cause of action is time-barred. *See* Syl. Pt. 5, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009). The first two steps, which require the court to identify the relevant statute of limitations and determine when the elements of the cause of action occurred, are not at issue here: Clay does not dispute that its negligence claim is subject to a two-year statute of limitations or that the elements of its claim occurred on or before July 18, 2021. Moreover, the fifth step, which concerns miscellaneous tolling doctrines, is not at issue. Therefore, only steps three and four, application of the discovery rule and tolling by fraudulent concealment, are at issue. Clay argues that both principles apply and that its negligence claim did not accrue until late August of 2021, rendering its August 1, 2023, complaint timely.

The third step of the *Dunn* analysis provides that "the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." *Dunn*, 225 W. Va. at 46, 689 S.E.2d at 258, Syl. Pt. 5. A negligence claim accrues under the discovery rule when the plaintiff knows or by reasonable diligence should know "(1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syl. Pt. 4, in part, *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 487 S.E.2d 901 (1997). This is an "objective test [that] focuses upon [what] a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known." *Dunn*, 225 W. Va. at 46, 689 S.E.2d at 258, Syl. Pt. 4. Moreover, "[t]he plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action." *Id.*

In arguing that the discovery rule delayed the accrual of its negligence claim until late August of 2021, Clay contends that it did not understand how a natural gas explosion occurred in a building with no gas service until the experts provided their report of the investigation of the gas and sewer lines. Pointing to its allegations that a small hole in Mountaineer's gas line leaked natural gas into the sewer line, eventually causing the explosion, Clay argues that "[a] cause of this nature can only be discovered by the retention of experts, forensic analysis, removal of significant dirt and testing and examination of all pipes involved which takes a significant amount of time and expertise." At oral argument, Clay's counsel reiterated this position, explaining that, until Clay received the report from the experts' investigation of the gas and sewer lines in late August of 2021, it did not understand how gas migrated from Mountaineer's gas line into the sewer line.

Clay misinterprets the discovery rule. *Gaither* does not require a plaintiff to understand every specific detail of causation for a claim to accrue; indeed, in applying the rule in the medical malpractice context at issue in that case, the SCAWV explained that a plaintiff who is immediately aware that something went wrong need "not be aware of the precise act" that caused the injury. *Gaither*, 199 W. Va. at 712, 487 S.E.2d at 907 (quoting *Harrison v. Seltzer*, 165 W. Va. 366, 371, 268 S.E.2d 312, 315 (1980)); *see Parsons v. Herbert J. Thomas Mem'l Hosp. Ass'n*, No. 16-1178, 2017 WL 5513620, at *4 (W. Va. Nov. 17, 2017) (memorandum decision) (recognizing that under *Gaither* plaintiffs are "not required to know the exact nature of their claims"). Instead, the *Gaither* standard only required Clay to be aware or on notice of its injuries and that Mountaineer's conduct may have caused them. *See Gaither*, 199 W. Va. at 708, 487 S.E.2d at 903, Syl. Pt. 4.

Applying this objective test to the facts as alleged in Clay's complaint, we agree with the circuit court that the discovery rule did not delay the accrual of Clay's negligence claim beyond the day of the explosion. Clay does not dispute that it was aware on July 18, 2021, of the explosion and the damage to its lottery machines. Additionally, there are no factual allegations in the complaint that Clay was unaware that natural gas caused the explosion.[4] Finally, while Clay alleged there was no gas service to Judy's, it did not allege any facts showing that a reasonably prudent person exercising reasonable diligence could not have immediately discovered that Mountaineer was the natural gas provider with a distribution line in that area.[5] *Cf. Cecil v. Airco, Inc.*, 187 W. Va. 190, 192, 416 S.E.2d 728, 730 (1992) (per curiam) (explaining in the product liability context that a claim accrued when plaintiff "had at their disposal reasonable means of discovering the proper identity of the [defendant]"). Therefore, we find no error in the circuit court's conclusion that the

---

[4] At oral argument, Clay's counsel recognized that Clay was immediately aware that "there was an explosion" and that "it was most likely gas."

[5] Clay's counsel conceded at oral argument that there is no factual dispute regarding the identity of the natural gas provider.

4

discovery rule did not delay the accrual of Clay's negligence claim beyond the date of the explosion.

The fourth step of the *Dunn* analysis provides that "if the plaintiff is not entitled to the benefit of the discovery rule, [the court must] determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action." *Dunn*, 225 W. Va. at 46, 689 S.E.2d at 258, Syl. Pt. 5. "Fraudulent concealment involves the concealment of facts by one with knowledge, or the means of knowledge, and a duty to disclose, coupled with an intention to mislead or defraud." *Nichols v. Maroney Williams Weaver & Pancake PLLC*, 249 W. Va. 408, 418, 895 S.E.2d 492, 502 (Ct. App. 2023) (quoting *Dunn*, 225 W. Va. at 52, 689 S.E.2d at 264). Where a plaintiff "show[s] that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled." *Dunn*, 225 W. Va. at 46, 689 S.E.2d at 258, Syl. Pt. 5. Under Rule 9(b) of the Rules of Civil Procedure, "the circumstances constituting fraud . . . shall be stated with particularity." W. Va. R. Civ. P. 9(b) (1998).

We agree with the circuit court that Clay failed to state with particularity facts sufficient to trigger tolling by fraudulent concealment. While Clay alleges that a Mountaineer employee removed two pieces of the sewer line, it does not allege facts showing that the absence of these pieces of pipe prevented Clay from discovering or pursuing its negligence claim. In fact, its complaint recognizes the opposite: Clay alleges that Mountaineer never returned the allegedly stolen pieces of the sewer line, but that Clay was able to discover its claim anyway. Moreover, Clay's fraudulent concealment argument relies on the same flawed principle rejected above: that Clay's negligence claim did not accrue until it understood causation of the explosion in precise detail. Accordingly, we find no error in the circuit court's conclusion that the facts alleged do not support tolling of the statute of limitations under the principle of fraudulent concealment.

Therefore, because we agree with the circuit court that Clay's negligence claim accrued on July 18, 2021, and that the two-year statute of limitations expired prior to Clay filing its complaint on August 1, 2023, we affirm the circuit court's dismissal of Clay's negligence claim.

Next, Clay argues that the circuit court committed reversible error in finding that Clay's complaint failed to state a claim of intentional spoliation. We disagree. The SCAWV set forth the elements of a claim of intentional spoliation of evidence in *Hannah v. Heeter*:

> (1) a pending or potential civil action; (2) knowledge of the spoliator of the pending or potential civil action; (3) willful destruction of evidence; (4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; (5) the intent of the spoliator to defeat a party's ability

5

to prevail in the pending or potential civil action; (6) the party's inability to prevail in the civil action; and (7) damages. Once the first six elements are established, there arises a rebuttable presumption that but for the fact of the spoliation of evidence, the party injured by the spoliation would have prevailed in the pending or potential litigation. The spoliator must overcome the rebuttable presumption or else be liable for damages.

Syl. Pt. 11, *Hannah v. Heeter*, 213 W. Va. 704, 584 S.E.2d 560 (2003).

We find that the untimeliness of Clay's negligence claim is fatal to its spoliation claim because, as a matter of law, Clay cannot demonstrate causation. Clay claims that the pieces of sewer line Mountaineer allegedly removed are vital evidence to Clay's ability to prevail on its negligence claim. However, because that negligence claim is time-barred, Clay cannot prevail on that claim irrespective of that evidence. As that evidence is irrelevant to Clay's ability to prevail on that claim, it cannot be vital. Clay also cannot demonstrate spoliation damages for the same reason: Clay's negligence claim is time-barred, so it cannot show that it would have prevailed on that claim but for the spoliation of evidence.[6] As the untimeliness of Clay's negligence claim negates multiple elements of its intentional spoliation claim as a matter of law, we affirm the circuit court's decision to dismiss that claim.[7]

Finally, Clay argues that the circuit court failed to properly apply the 12(b)(6) standard in evaluating Mountaineer's motion to dismiss. While the circuit court did not directly quote Rule 12(b)(6), it cited relevant SCAWV caselaw, and we find no indication that it did not apply the correct standard.[8] The circuit court considered the allegations in

---

[6] Courts in several other jurisdictions have recognized that a party cannot show that it was damaged by spoliation where the underlying claim cannot succeed regardless of the spoliated evidence. *See Jeffrey Mining Prod., L.P. v. Left Fork Mining Co.*, 758 N.E.2d 1173, 1181 (Ohio Ct. App. 2001); *Est. of Day v. Willis*, 897 P.2d 78, 81 (Alaska 1995).

[7] While this was not the basis for the circuit court's dismissal, "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965).

[8] Elsewhere in its brief, Clay suggests that the circuit court relied on pictures in deciding Mountaineer's motion to dismiss. It is true that under Syllabus Point 6 of *Mountaineer Fire & Rescue Equipment, LLC v. City National Bank of West Virginia*, 244 W. Va. 508, 854 S.E.2d 870 (2020), the circuit court should have expressly disregarded the picture included in Mountaineer's motion to dismiss. However, we find that its failure to

6

Clay's complaint and found that Clay's negligence claim is time-barred and that the allegations were insufficient to state an intentional spoliation claim. That Clay disagrees with the conclusion does not show that the circuit court applied the incorrect standard. Accordingly, this assignment of error is meritless.

For the foregoing reasons, this Court affirms the Circuit Court of Kanawha County's October 21, 2024, order granting Mountaineer's motion to dismiss.

Affirmed.

**ISSUED:** October 15, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

do so is at most harmless error. The circuit court does not appear to have relied on the picture in dismissing the complaint, and it played no role in this Court's decision to affirm.

7